IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 14 2014
CLERK, U.S. DISTRICT COURT
By _____
  Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 4:14-CV-453-A |
| | § | (NO. 4:13-CR-011-A) |
| | § | |
| TORRI DLENA ANDERSON | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Torri Dlena Anderson, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The government filed a response, and movant filed a reply.[1] Having now considered all of the parties' filings, the entire record of this case, including the record in movant's criminal case, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On February 8, 2013, movant pleaded guilty to one count of conspiracy to produce false documents, in violation of 18 U.S.C. §§ 1028(a)(1), (b)(1)(A), and (f). On June 14, 2013, the court sentenced movant to a term of imprisonment of 180 months, to be followed by a three-year term of supervised release. Movant

---

[1] Movant's reply is titled "Response to Government's Request to Deny Motion Brought Under 28 U.S.C. § 2255."

appealed, and on April 16, 2014, the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous.

II.

Grounds of the Motion

Movant raised two grounds for relief. First, she claimed that the court erred in calculating her sentence when it applied a four-level increase under United States Sentencing Guideline § 3B1.1. That section provides a four-level increase if the defendant "was an organizer or leader of a criminal activity that involved five or more participants." However, since only three other individuals were indicted along with movant, for a total of four, she contended that the court should not have applied the leadership enhancement.

As her second ground, movant again challenged application of the leadership role in § 3B1.1, this time by alleging that the failure of the indictment to charge five individuals rendered application of the four-level increase invalid under Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013).

III.

Treatment of § 2255

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and

2

finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991) (en banc). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors, but is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal but, if condoned, would result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 21, 1981).

IV.

Neither Ground Has Merit

Movant's first ground for relief is a challenge to the court's application of the sentencing guidelines. As noted above, a motion pursuant to § 2255 may raise only constitutional errors and other "narrow injuries" that could not have been raised on direct appeal. Id. Neither category, however, encompasses misapplication of the sentencing guidelines, and such

3

a claim is not cognizable on collateral review. <u>United States v. Williamson</u>, 183 F.3d 458, 462 (5th Cir. 1999); <u>United States v. Segler</u>, 37 F.3d 1131, 1134 (5th Cir. 1994). This reason is sufficient to defeat movant's first claim.

Even if the court were to consider the merits of this claim, movant will still be entitled to no relief. Movant's claim is based on her contention that because only a total of four individuals were named in the indictment, § 3B1.1 did not apply. Section 3B1.1(a) provides for a four-level enhancement if "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S. Sentencing Guidelines Manual § 3B1.1(a). The comments to § 3B1.1 define a "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted." <u>Id.</u> cmt. n.1. Participants are not required to be named in the indictment, and the court may consider unidentified participants when there is evidence of their involvement in the transaction underlying the conviction. <u>United States v. Narvaez</u>, 38 F.3d 162, 166 (5th Cir. 1994).

Here, the presentence report identified as participants in the criminal activity movant, her three codefendants, and two unnamed "buyers," individuals who purchased the merchandise

4

obtained by movant and the other codefendants and placed "orders" for additional merchandise. The presentence report described how movant directed and organized the activities of all the participants, including those of the two buyers. Hence, movant, her three codefendants, and the two unnamed buyers--a total of six individuals--meet and exceed the five-participant requirement for the enhancement under § 3B1.1(a).

Movant's second ground for relief, based on application of Alleyne, fares no better. The Supreme Court has made clear that "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." Tyler v. Cain, 533 U.S. 656, 663 (2001). As the Fifth Circuit has recognized, the Supreme Court has not declared Alleyne to be retroactively applicable on collateral review. In re Kemper, 735 F.3d 211, 212 (5th Cir. 2013). Movant's reliance on Alleyne affords her no relief.

In any event, as the government discussed it its response, Alleyne is inapplicable to movant's case. Movant contended that failure of the indictment to charge five individuals violated Alleyne's requirement that any fact that increases the mandatory minimum punishment must be submitted to a jury or charged in the indictment. Movant, however, was not subject to a mandatory

minimum sentence, but rather to a sentencing range of zero to fifteen years. See 18 U.S.C. § 1028(a)(1), (b)(1)(A), and (f). The presentence report set forth a guideline range of 130 to 162 months. However, the court in its discretion imposed a sentence above the top of the guideline range on the basis of movant's "long and terrible criminal history." Sentencing Tr. at 7. Use of the court's discretion under the sentencing guidelines did not trigger application of Alleyne to movant's case. United States v. Hinojosa, 749 F.3d 407, 413 (5th Cir. 2014).

V.

Order

Therefore,

The court ORDERS that the motion of Torri Dlena Anderson to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED August 14, 2014.

_____
JOHN McBRYDE
United States District Judge